J-S74021-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMAINE JONES, | : | |
| | : | |
| Appellant | : | No. 345 EDA 2014 |

Appeal from the Judgment of Sentence November 15, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0000183-2009

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED DECEMBER 18, 2014**

Jamaine Jones ("Jones") appeals from the judgment of sentence

entered following the revocation of his probation.  We affirm.

The trial court summarized the relevant factual history as follows:

> On October 6, 2009, [Jones] entered an open guilty
> plea to the charge of [p]ossession [w]ith [i]ntent to
> [d]istribute in front of the Honorable Denis P. Cohen,
> Judge of the Court of Common Pleas.  [Jones] was
> subsequently sentenced to six [] to twenty-three []
> months [of] incarceration, followed by three [] years
> of probation.  On October 3, 2011, [Jones] was
> arrested for possession of firearms.  On September
> 10[,] 2013, a jury convicted [Jones] of [p]ersons not
> to [p]osses, [u]se, [m]anufacture, [c]ontrol, [s]ell or
> [t]ransfer [f]irearms before the Honorable Genece
> Brinkley, Judge of the Court of Common Pleas.  On
> November 12, 2013, Judge Brinkley sentenced
> [Jones] to five [] to ten [] years [of] incarceration.
> On December 20, 2013, [Jones] appeared before
> [the Honorable Judge Cohen] for a violation of
> probation (VOP) hearing, at which [the trial court]
> revoked [Jones'] original probation and sentenced

*Retired Senior Judge assigned to the Superior Court.

[him] to two [] to four [] years [of] incarceration consecutive to the sentence imposed by Judge Brinkley.

On December 31, 2013, the Defender's Association of Philadelphia filed a post-sentence [m]otion to [v]acate and [r]econsider [s]entence [n]unc [p]ro [t]unc on behalf of [Jones]. On January 17, 2014, [Jones] filed a [n]otice of [a]ppeal. On January 23, 2014, [the trial court] issued a 1925(b) [o]rder. On February 11, 2014, [Jones] filed a [s]tatement of [m]atters [c]omplained [of] [o]n [a]ppeal, as well as a [m]otion for an [e]xtension of [t]ime, as the relevant [n]otes of [t]estimony had not been completed. On March 25, 2014, [the trial court] issued an [a]mended 1925(b) order. On March 26, 2014, [Jones] filed a supplemental [s]tatement of [m]atters.

Trial Court Opinion, 6/30/14, at 1-2.

Jones presents one issue for our review:

Did not the [trial] court abuse its discretion and impose a manifestly excessive and unreasonable sentence following a revocation of probation hearing, by imposing a sentence of [two] to [four] years [of] incarceration to run consecutively to another sentence of [five] to [ten] years [of] incarceration where it was [] Jones' first violation, the lower court failed to properly consider the sentencing factors, and a sentence of consecutive total confinement far surpassed what is required to protect the public and is well beyond what is necessary to foster [Jones'] rehabilitation?

Jones' Brief at 4.

With this claim, Jones challenges discretionary aspects of his sentence.[1] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

*Id.*

Jones filed a timely notice of appeal, raised this claim in his post-sentence motion,[2] and included a statement pursuant to Pa.R.A.P. 2119(f) in

---

[1] We note that in 2013, an en banc panel of this Court "unequivocally h[e]ld that this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (en banc).

[2] Jones filed his post-sentence motion one day late. The Commonwealth urges us to find this issue waived because Jones' post-sentence motion was untimely. The trial court also recognized the untimeliness of the post-sentence motion, but addressed the merits of this issue in its Rule 1925(a) opinion. *See* Trial Court Opinion, 6/30/14, at 3-4. Because the trial court addressed this issue on its merits, we decline to find it waived. *See Commonwealth v. Garcia*, 661 A.2d 1388, 1392 (Pa. Super. 1995) (declining to find waiver "where the defendant raises the issue post-trial in a procedurally defective manner and the trial court chooses to overlook the

his brief. Accordingly, we consider whether he has presented a substantial question that his sentence is not appropriate under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012).

> A substantial question exists where an appellant advances a colorable argument that the trial court's actions were inconsistent with a specific provision of the sentencing code, or contrary to the fundamental norms underlying the sentencing process. In determining whether a substantial question exists, our inquiry must focus on the reasons for which the appeal is sought in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits.

***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012) (internal citations omitted). Furthermore, this Court may not look beyond the content of the 2119(f) statement to determine whether the appellant has raised a substantial question. ***Id.***

In his Rule 2119(f) statement, Jones contends that the trial court erred by imposing his sentence without considering the factors set forth in 42 Pa.C.S.A. § 9721(b). Jones' Brief at 8. This claim raises a substantial question. ***See Commonwealth v. Dodge,*** 77 A.3d 1263, 1272 n.8 (Pa.

---

defect and address the issue on its merits"); ***see also Commonwealth v. Santiago***, 822 A.2d 716, 723 (Pa. Super. 2003) (declining to find waiver of issue Commonwealth failed to raise during suppression hearing and belatedly raised in a motion to reconsider suppression ruling where trial court addressed issue on its merits in Rule 1925(a) opinion).

Super. 2013) (holding that claim the sentencing court failed to consider 42 Pa.C.S.A. § 9721 factors presents a substantial question).

Jones also states that his sentence is "manifestly excessive" because it was ordered to run consecutively to the sentence imposed on his new charges. *Id.* at 9. However, in his Rule 2119(f) statement, Jones does no more than make the bald assertion that his sentence is excessive for this reason. *See id*. Such a bald statement is not sufficient to invoke our review. *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013), *reargument denied* (Nov. 21, 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (holding that a bald claim of excessiveness due to the consecutive nature of sentences does not raise a substantial question).[3] Thus, we do not consider this aspect of Jones' argument.

Our standard of review for sentencing claims is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless

---

[3] We note that such a claim can, under certain circumstances, present a substantial question. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) ("[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment[.]"). In his Pa.R.A.P. 2119(f) statement, Jones does not allege how his incarceration is unduly harsh in light of the nature of the crimes and the overall length of the term of imprisonment. He states only that the consecutive sentence is "disproportionate to the totality of [his] circumstances." Jones' Brief at 9.

the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination: "[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Thus, under 42 Pa.C.S.A. § 9721(b), a sentencing court must formulate a sentence individualized to that particular case and that particular defendant.

***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013) (internal citations omitted). Furthermore,

in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed and failure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

***Commonwealth v. Colon***, 2014 WL 5408189 at *9 (Pa. Super. Oct. 24, 2014) (internal citations omitted).

Jones argues that the trial court failed to give "individualized consideration to [his] circumstances or rehabilitative needs." Jones' Brief at 17-18. We disagree. The trial court made the following statement when imposing Jones' sentence:

The [c]ourt takes into account the history of the case before us, everything that everyone said, what you said, what both counsel said, what the probation officer said.

The [c]ourt takes into account the whole history of this matter before this [c]ourt. I have notes in my file to refresh my recollection that since the district attorney … is not the district attorney back on October 6th, 2011 when you entered the plea and since counsel here was not the counsel on October 6th, they probably don't have anything in their file [sic] about it, but I have all sorts of markings on my file.

First of all, this was an open guilty plea on October the 6th. And the district attorney was asking at that time for a sentence not too far different than what [the district attorney] is asking for now, a difference of a year both ways, except that [the prior district attorney] was asking for probation and [the present district attorney] is – if you remember, she asked for sentence of [one] to [three] years state incarceration and [four] years [sic] probation, and she asked that to run consecutive [sic] to any sentence.

What the [c]ourt did is the [c]ourt said – the [c]ourt was giving you a big break. And given that you already had a big hit before, the [c]ourt gave you a big break, and the [c]ourt imposed a sentence of [six] to [twenty-three] months concurrent followed by [three] years [of] probation. So that was a big break the [c]ourt gave you at the time … .

So I did not give you - I know you were supervised with the sentence of [five] to [ten] that you had started serving in 1999 when you were convicted of the aggravated assault, so I gave you a break. But I also made a note that I gave you a big break at sentencing. And I made a note that if you violate, then you're going to have to pay the consequence for violating. They already gave you

- 7 -

the big break. Now is not the time to give you any more breaks. You got your break from me before.

Now it's time you have to take responsibility for your conduct. And committing the offense you committed under this [c]ourt's probation is a very serious offense.

So the [c]ourt is considering everything the [c]ourt has said, the need to protect the community, rehabilitative needs, and the impact of the violation of the community – the [c]ourt will – you're currently on the [c]ourt's probation, the [c]ourt will revoke probation because of the direct violation; and the [c]ourt is more focused on the direct violation than the technical, without having the state parole officer here, you've raised some issues, I'm not going to make a decision based upon you not reporting but on the direct violation.

So the [c]ourt is revoking probation. And the [c]ourt will impose a sentence of [two] to [four] years state incarceration, and this will run consecutive [sic] to the sentence that you are currently serving.

N.T., 12/20/13, at 9-12.

From these comments, we discern that the trial court imposed a highly individualized sentence. The trial court presided over Jones' open guilty plea and, at that time, gave Jones a light sentence in consideration of the other lengthy sentence he was serving. The trial court found that the nature of the conviction that spawned Jones' direct probation violation – persons not to possess firearms – was a serious offense, thus considering the need to protect the public. The probation officer testified that while on probation, Jones was under the supervision of the Anti-Violence High Risk Unit because

he was a high-risk offender. *Id.* at 4. Moreover, the trial court appears to have determined that Jones is not amenable to rehabilitation, as it gave due consideration to the fact that Jones squandered the "break" the trial court had previously given him. We therefore find no merit to Jones' claim.

The trial court's statements at the time of sentencing "reflect [its] consideration of the facts of the crime and character of the offender[,]" *Colon*, 2014 WL 5408189 at *9, as well as the statutory factors contained in 42 Pa.C.S.A § 9721(b), and so we find no abuse of discretion by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014